# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| FEDERATION OF STATE MASSAGE THERAPY BOARDS, § § § | |
| Plaintiff. § § | |
| v. § | Civil Action No. 4:17-cv-2936 |
| § | |
| MENDEZ MASTER TRAINING § | |
| CENTER, INC., *et al.*, § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Pending before the Court in this intellectual property dispute is Defendants Mendez Master Training Center, Inc., MMTC Texas, Inc., Tesla Shen Mendez's, and Jorge Mendez's (collectively, "Defendants") Motion to Dismiss the Federation's First Amended Complaint [Doc. # 66] (the "Motion"). Plaintiff Federation of State Massage Therapy Boards ("Plaintiff") filed a timely response to the Motion.[1] In addition to its Response, Plaintiff, with leave of Court, also filed a Corrected First Amended Complaint [Doc. # 71] (the "Corrected Complaint"). The Corrected Complaint attaches exhibits that inadvertently were omitted from Plaintiff's First Amended Complaint [Doc. # 58] (the "First Amended

---

[1] *See* Plaintiff's Opposition to Defendant's Motion to Dismiss the First Amended Complaint (the "Response") [Doc. # 72]. Defendants have not filed a reply to the Response, and their deadline to do so under the Court's procedures has expired.

Complaint"). The Corrected Complaint, Plaintiff's operative pleading for purposes of the Motion, is otherwise substantively identical to the First Amended Complaint and, with one exception, Defendants' arguments in the Motion remain relevant to the allegations in the Corrected Complaint.[2] The Court therefore has evaluated the Motion in the context of the Corrected Complaint. Having considered Defendants' briefing, the applicable legal authorities, and all pertinent matters of record, the Court concludes that the Motion should be **denied in substantial part** and **granted in part.**

I.  **BACKGROUND**

Plaintiff develops and administers the national licensing examination that assesses competence in massage and bodywork in the United States and its territories, known as the Massage & Bodywork Licensing Exam ("MBLEx"). According to Plaintiff, its MBLEx questions are protected by U.S. copyright law and are registered with the U.S. Copyright office. MBLEx results are used by licensing agencies throughout the United States, including in Texas, when evaluating applicants for licensure. Among other requirements, these jurisdictions

---

[2] The exception is Defendants' contention that Plaintiff's copyright infringement claim should be dismissed because Plaintiff failed to attach copies of the relevant copyright registrations to the First Amended Complaint. Even if failure to attach copies of copyright registrations to a complaint were grounds for dismissing a copyright infringement claim, a conclusion the Court does not endorse, this issue is mooted by Plaintiff's Corrected Complaint, which attaches the relevant copyright registrations. The Motion is therefore **denied** in this respect.

require applicants to obtain a passing result on the MBLEx to obtain a license to practice massage and bodywork.

The core of Plaintiff's Corrected Complaint is that Defendants have impermissibly obtained and reproduced MBLEx questions, including the answers thereto, and sold them to prospective MBLEx takers. As a result, Plaintiff argues that Defendants have undermined the integrity of the MBLEx itself and the massage and bodyworks licensing processes that use it as a criterion for licensure. Plaintiff contends further that Defendants' publication of its confidential MBLEx questions has forced it to retire hundreds of questions from use in the examination and incur significant costs to develop new, uncompromised exam material.

Plaintiff brings this lawsuit asserting seven cause of action against some or all Defendants based on their allegedly unlawful conduct: copyright infringement under the U.S. Copyright Act of 1976[3] (the "Copyright Act" or the "Act") (Count One); contributory copyright infringement under the Copyright Act (Count Two); misappropriation of trade secrets under the Texas Uniform Trade Secrets Act ("TUTSA"), California Uniform Trade Secrets Act ("CUTSA") and the common law of Texas and California (Count Three); misappropriation of trade secrets under

---

[3] 17 U.S.C. § 101 *et seq*.

the Defend Trade Secrets Act[4] (Count Four); tortious interference with contract (Count Five); breach of contract (Count Six); and violation of the Texas Harmful Access by a Computer Act[5] (Count Seven).

By the Motion, Defendants seek to dismiss Plaintiff's Corrected Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis of Plaintiff's purported failure to state a claim upon which relief can be granted. For the following reasons, the Court concludes that the Motion largely lacks merit and should be **denied in substantial part** and **granted in part.**

## II. LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v.*

---

[4] 18 U.S.C. § 1836 *et seq.*

[5] TEX. CIV. PRAC. & REM. CODE § 143.001 *et seq.*

4

*Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

### III. ANALYSIS

#### A. Defendants' Motion

In the Motion, Defendants assert three grounds for seeking dismissal of Plaintiff's Corrected Complaint. First, Defendants argue Plaintiff is a federal or quasi-federal agency that lacks standing under the Copyright Act to assert claims for copyright infringement. Second, Defendants contend that alternatively, Plaintiff is an unlawful state compact under the United States Constitution, and thus lacks capacity to bring this lawsuit. Finally, Defendants argue that Plaintiff's claims in Counts Three through Seven of the Corrected Complaint are preempted by the Copyright Act and must be dismissed. The Court addresses these arguments in turn.

### 1. Federal or Quasi-Federal Agency

Defendants first argue Plaintiff is a federal or quasi-federal agency that lacks capacity to sue for copyright infringement and related torts.[6] Defendants provide no legal authority to support their argument that Plaintiff is a federal or quasi-federal agency, and it is not otherwise apparent from the Corrected Complaint and Motion how Plaintiff could be a federal or quasi-federal agency.[7]

---

[6] 17 U.S.C. § 105 ("Copyright protection under this title is not available for any work of the United States Government, but the United States Government is not precluded from receiving and holding copyrights transferred to it by assignment, bequest, or otherwise.").

[7] Indeed, Defendants cite no authority that the Fifth Circuit recognizes the "quasi-federal agency" doctrine, which is not universally accepted. *See, e.g.*, *New York v. Atl. States Marine Fisheries Comm'n*, 609 F.3d 524, 534 (2d Cir. 2010) ("Taken together, this authority provides scant support for the quasi-federal agency doctrine. Indeed, we are skeptical of the validity of this judge-created concept"); *Kerpen v. Metro. Washington Airports Auth.*, 260 F.3d 567, 586 (E.D. Va. 2017) ("Regardless, neither this Court nor the Fourth Circuit has embraced the quasi-federal agency doctrine advanced by Plaintiffs. Indeed, the Fourth Circuit has implicitly rejected it."); *Martha's Vineyard/Dukes County Fisherman Ass'n v. Locke*, 811 F. Supp. 2d 308, 314-15 (D.D.C. 2011) ("Further, despite the Plaintiff's contentions, the ASMFC is not a quasi-federal agency. The 'quasi-federal agency' doctrine itself is quite uncertain in our Circuit; indeed very few cases support its existence… Further, the doctrine is incompatible with the modern doctrine that causes of actions are created by Congress, *not* federal courts, 'no matter how desirable that might be as a policy matter, or how compatible with the statute.'" (internal citations omitted)).

The hallmark of a federal or quasi-federal agency is Congressional authorization or federal involvement.[8] Defendants' purported evidence of a relationship between Plaintiff and the United States government is unavailing. Defendants point to various allegations in the Corrected Complaint and select provisions of Plaintiff's corporate bylaws and website. These materials lack any indicia of federal involvement in Plaintiff's formation or operations. Defendants cite no allegation in the Corrected Complaint or any other evidence that suggests that Congress has endowed Plaintiff with any regulatory power, that Plaintiff is affiliated with any arm of the federal government, that Plaintiff receives any federal funding, or that Plaintiff holds itself out to possess any federally derived authority. Defendants have fallen well short of their burden in connection with the Motion to establish Plaintiff's federal character as a matter of law. Accordingly, the Motion is **denied** with respect to Defendants' argument that any of Plaintiff's claims should be dismissed because Plaintiff is a federal or quasi-federal agency.

2. **Unlawful State Compact**

Defendants next assert that Plaintiff's claims should be dismissed because Plaintiff is an unlawful "state compact" that lacks capacity to sue. Defendants

---

[8] *See, e.g., Atl. States Marine*, 609 F.3d at 535 (internal citation omitted) (holding that a federal or quasi-federal agency exists when the entity is an "authority of the government of the United States.").

contend Plaintiff violates the Compact Clause of the United States Constitution[9] because Plaintiff is a state compact and both (1) the agencies from the various states and territories comprising its membership have failed to obtain state authorization to enter into a compact, and (2) Plaintiff lacks Congressional consent to exist and operate.  This argument is without merit.

Defendants' argument rests on the untenable premise that Plaintiff is, in fact, a state compact.  By definition, a state compact is an agreement, treaty, or contract among two or more states.[10]  However, not every agreement between the states is a compact within the meaning of the Compact Clause.[11]  The critical inquiry in determining whether such an agreement falls under the Compact Clause is the extent to which the agreement actually or potentially impacts the federal structure.[12]  Specifically, the Constitution's Compact Clause scope "is limited to agreements that are 'directed to the formation of any combination [of states]

---

[9] U.S. CONST. art. 1, § 10, cl. 3 ("No State shall, without the Consent of Congress, lay any Duty of Tonnage, keep Troops, or Ships of War in time of Peace, enter into any Agreement or Compact with another State, or with a foreign Power, or engage in War, unless actually invaded, or in such imminent Danger as will not admit of delay.").

[10] *See, e.g., Arizona v. California*, 373 U.S. 546, 550-51 (1963).

[11] *See, e.g., Cuyler v. Adams*, 449 U.S. 443, 440 (1981); *U.S. Steel Corp. v. Multistate Tax Comm.*, 434 U.S. 452, 468, 470 (1978).

[12] *U.S. Steel Corp.*, 434 U.S. at 472.

P:\ORDERS\11-2017\2936MTD.docx  180814.1106

tending to the increase of political power in the States, which may encroach upon or interfere with the just supremacy of the United States.'"[13] Evidence of whether an agreement "may encroach upon or interfere with the just supremacy of the United States" includes whether the agreement affords states the right to exercise powers they could not exercise in the absence of the agreement and the voluntariness of the arrangement.[14]

As alleged in the Corrected Complaint, Plaintiff, a private and distinct corporate entity, is not a compact subject to the Compact Clause. Plaintiff's Corrected Complaint does not allege, and indeed, does not even suggest, that Plaintiff is a combination of states organized to increase the states' political power in an attempt to preempt federal law or authority. Defendants cite no allegation in the Corrected Complaint authority, or any evidence to the contrary. Defendants fail even to articulate what federal law or authority Plaintiff and its constituent members allegedly are attempting to preempt. There is no evidence that the states

---

[13] *New Hampshire v. Maine*, 426 U.S. 363, 369 (1976) (citing *Virginia v. Tennessee*, 148 U.S. 503, 519 (1893)); *S&M Brands, Inc. v. Caldwell*, 614 F.3d 172, 176 (5th Cir. 2010).

[14] *See U.S. Steel Corp.*, 434 U.S. at 472-73 (finding multistate tax compact not subject to the Compact Clause because it did not interfere with the supremacy of the United States, did not purport to authorize the member states to exercise powers they could not exercise in the absence of the compact, and member states were free to accept or reject rules and regulations or withdraw from the compact at any time).

9

comprising Plaintiff's membership are required to join or are prevented from withdrawing from membership at will. Further, there is no cited allegation or authority that Plaintiff has any power to bind any state government or licensing agency, or that Plaintiff allows any member state to exercise a power or authority it would lack absent Plaintiff's existence. Defendants have failed to carry their burden of showing that Plaintiff, as a matter of law, is a state compact subject to the Compact Clause. Whether or not Congress or the legislatures of the states that chose to comprise Plaintiff's membership authorized Plaintiff's creation is thus irrelevant. Accordingly, the Motion is **denied** with respect to Defendants' argument that Plaintiff is an unlawful state compact that lacks capacity to sue.[15]

### 3. Misappropriation of Trade Secrets, Interference with Contract, Improper Access by a Computer, and Breach of Contract

Finally, Defendants argue that the Court should dismiss "the series of counts for misappropriation of trade secrets, interference with contract, improper access by a computer, and breach of contract" because they "are each and all preempted"

---

[15] Defendants also argue that Count Two of Plaintiff's Corrected Complaint for contributory copyright infringement should be dismissed because Plaintiff purportedly lacks standing or capacity to assert claims for copyright infringement. Defendants' argument for dismissal of Plaintiff's contributory copyright claims necessarily fails because the predicate that Plaintiff is either a federal agency or a state compact is meritless. The Motion is **denied** on Count Two of the Corrected Complaint.

by the Copyright Act.[16] The Court is unpersuaded regarding Plaintiff's claims of misappropriation of trade secrets, improper access by a computer, and breach of contract claims are preempted. However, the Court concludes Plaintiff's tortious interference claim is preempted to the extent it is based on Defendants' dissemination of its copyrighted materials.

For a state law claim to be preempted by the Copyright Act, the state law claim must (1) fall within the subject matter of copyright as defined by the Act, and (2) that state cause of action must protect rights that are equivalent to any of the exclusive rights of a federal copyright.[17] The Fifth Circuit uses an "extra element" test to determine whether the Copyright Act preempts a state law claim.[18] Under the extra element test, if "one or more qualitatively different elements are

---

[16] Motion [Doc. # 66], pp. 21-22. Defendants also have moved to dismiss each of those claims on the grounds that Plaintiff is a federal agency or a quasi-federal agency and that Plaintiff is an unlawful state compact. For the reasons stated in sections III.A.1. and III.A.2., *supra*, those grounds for dismissal are without merit. Accordingly, the Motion is **denied** with respect to Defendants' argument that these claims should be dismissed based on Plaintiff's putative status as a federal or quasi-federal agency or an unlawful state compact. Moreover, Defendants' preemption argument is plainly inapplicable to Count Four, Plaintiff's federal misappropriation of trade secrets claim, which does not implicate any state law. The Motion is **denied** regarding Count Four.

[17] *Spear Mktg. Inc. v. Bancorp South Bank*, 791 F.3d 586, 594 (5th Cir. 2015) (citing *Carson v. Dynegy, Inc.*, 344 F.3d 446, 456 (5th Cir. 2003)).

[18] *Carson*, 344 F.3d at 456 (referencing *Alcatel USA, Inc. v. DGI Technologies, Inc.*, 166 F.3d 772, 787 (5th Cir. 1999)).

11

required to constitute the state-created cause of action being asserted, then the right granted under state law does not lie within the general scope of copyright, and preemption does not occur."[19] In other words, the Copyright Act "only preempts rights equivalent to the exclusive rights within the general scope of the copyright law. A right is equivalent if the mere act of reproduction, distribution, or display infringes it."[20]

Regarding Count Three of the Corrected Complaint, Plaintiff's state law trade secret misappropriation claim, the Fifth Circuit has held that misappropriation claims under the TUTSA, are not preempted by the Copyright Act.[21] The Ninth Circuit apparently has not directly addressed whether misappropriation claims under California law, specifically CUTSA, are preempted by the Copyright Act, the Ninth Circuit has adopted the "extra element" test.[22] The elements of misappropriation claim under CUSTA and TUTSA are substantively

---

[19] *Id.*

[20] *Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1501 (5th Cir. 1990).

[21] *Alcatel USA, Inc.*, 166 F.3d at 785-89 (distinguishing the claims of misappropriation of trade secrets under Texas state law and unfair competition by misappropriation under Texas state law, and holding that misappropriation of trade secret claims are not preempted by the Copyright Act).

[22] *Del Madra Props. v. Rhodes and Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir. 1987) (internal quotations omitted) (adopting "extra element" test).

identical,[23] and courts in California have held that misappropriation claims under CUTSA are not preempted by the Act.[24] Accordingly, Count Three of the Corrected Complaint is not preempted by the Copyright Act and the Motion is **denied** on this claim.[25]

Plaintiff's breach of contract (Count Six) claim also appears to contain at least one qualitatively different element from the elements of infringement under the Copyright Act and thus is not subject to preemption. Claims for breach of

---

[23] *Compare* CAL. CIV. CODE § 3426.1 *with* TEX. CIV. PRAC. & REM. CODE § 134A.002 (similar definitions of critical terms "improper means," "misappropriation" and "trade secret").

[24] *AtPac, Inc. v. Aptitude Solutions, Inc.*, 787 F. Supp. 2d 1108, 1115-16 (E.D. Cal. 2011) (finding that misappropriation of trade secrets claim under CUTSA is not preempted by the federal Copyright Act because it contains an extra element); *Mattel, Inc. v. MGA Entm't, Inc.*, 782 F. Supp. 2d 911, 987 (C.D. Cal. 2011) (same).

[25] Plaintiff also claims that Defendants violated the "common law of Texas and California, or other applicable law" in respect to their misappropriation of trade secrets claims. However, TUTSA preempts any common law claim of misappropriation of trade secrets under Texas law. TEX. CIV. PRAC. & REM. CODE § 134A.007 ("this chapter displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of trade secret"); *BCOWW Holdings, LLC v. Collins*, 2017 WL 3868184, at *13 (W.D. Tex. Sept. 5, 2017) (alleged misappropriations occurring after TUTSA's enactment preempt common law misappropriation of trade secrets claims). Similarly, a common law claim for misappropriation of trade secrets under California law is preempted by CUTSA. *Copart, Inc. v. Sparta Consulting, Inc.*, 277 F. Supp. 3d 1127, 1157 (E.D. Cal. 2017) (citing *K.C. Multimedia*, 171 Cal. App. 4th 939, 950, 954 (2009)); *Accumulate Diagnostics AccuImage Diagnostics Corp v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 954 (N.D. Cal. 2003); *PMMR, Inc. v. Chaloner*, 2015 WL 13283060, at *3 (C.D. Cal. Feb. 12, 2015).

13

contract require the existence of a binding agreement between a plaintiff and a defendant. Because establishing an existence of a binding agreement requires "an element in addition to mere reproduction, distribution or display," such claim arguably satisfies the extra element test and is not preempted by the Copyright Act.[26] Accordingly, the Motion is **denied** on Count Six of the Corrected Complaint.

In regard to Plaintiff's statutory claim under Texas law for improper access by a computer (Count Seven), Defendants make only the conclusory allegation that this claim is preempted without citing any authority, allegation, or evidence in support. At this very early stage of the litigation, the precise contours and factual predicate of this claim are not well defined, and neither the Corrected Complaint nor the parties' briefing provides clarity. The Court is unable to determine as a matter of law whether Count Seven is qualitatively different from Plaintiff's copyright infringement claim. Accordingly, in an exercise of caution, the Motion is **denied** at this time with respect to Count Seven of the Corrected Complaint.

---

[26] *See, e.g., Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1501 (5th Cir. 1990) (holding that breach of contract claim was not preempted because "this action for breach of contract involves an element in addition to mere reproduction, distribution or display; the contract promise made by [the Plaintiff], therefore, is not preempted"); *Real Estate Innovations, Inc. v. Houston Ass'n of Realtors, Inc.*, 422 F. App'x 344, 349 (5th Cir. 2011) (citing *Taquino* for the proposition that breach of contract claims are not preempted by the Copyright Act and finding the district court "erred in holding that [the Plaintiff's] breach of contract claim is preempted by the Copyright Act").

The Court reaches a different conclusion with respect to certain aspects of Count Five, Plaintiff's claim for tortious interference with contract. Under Texas law, the elements of a claim for tortious interference with contract are: (1) an existing contract that the defendant (2) willfully and intentional interferes with that (3) proximately causes (4) actual damage or loss.[27] Plaintiff asserts two grounds for its tortious interference claim. The first is that Defendants caused test takers to breach their contracts with Plaintiff by providing those test takers with actual MBLEx exam material or accepting information about MBLEx questions from those test takers.[28] This claim, which essentially argues that Defendants' copying, reproduction, use, and distribution of Plaintiff's copyrighted material constitutes tortious interference, is not qualitatively different from Plaintiff's copyright infringement claim. Rather, it is substantively identical to a claim that Defendants have interfered with Plaintiff's exclusive rights to use the MBLEx questions, and to that extent the tortious interference claim is preempted by the Act.[29] The Motion is **granted** regarding Plaintiff's tortious interference claim premised on the copying, reproduction, use or distribution of Plaintiff's copyrighted material.

---

[27] *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 207 (Tex. 2002).

[28] Corrected Complaint [Doc. # 71], ¶ 141.

[29] *MI-LLC v. Stelly*, 733 F. Supp. 2d 759, 788-89 (S.D. Tex. 2010) (holding tortious interference claims preempted to the extent "based on [the plaintiff] losing benefits flowing from its exclusive right to . . . copyrightable material.").

15

The second basis for the tortious interference with contract claim is that Defendants allegedly helped "test takers misrepresent their massage education background and English-language skills."[30] Unlike Plaintiff's first grounds for tortious interference, this claim does not appear to rely on the copying or distribution of Plaintiff's copyrighted material, but instead on Defendants providing test takers with false credentials.[31] This is qualitatively different than Plaintiff's copyright infringement claim, and is not preempted by the Act. The Motion is therefore **denied** on this aspect of Count Five of the Corrected Complaint.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, it is hereby

**ORDERED** Defendants' Motion [Doc. # 66] is **GRANTED** with respect to Count Five of the Corrected Complaint to the extent, and only to the extent, that Plaintiff's tortious interference claim is based on the copying, reproduction, use, or distribution of its copyrighted material. All such claims are **DISMISSED WITH PREJUDICE.** In all other respects, the Defendants' Motion [Doc. # 66] is **DENIED.**

---

[30] Corrected Complaint [Doc. # 71], ¶ 142.

[31] *Id.*, ¶ 52.

SIGNED at Houston, Texas, this 14th day of **August, 2018**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE