IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FEDERATION OF STATE MASSAGE THERAPY BOARDS, Plaintiff, | § § § § § | |
| v. | § | CIVIL ACTION NO. 4:17-02936 |
| MENDEZ MASTER TRAINING CENTER, INC., MMTC TEXAS, INC., TESLA SHEN MENDEZ, JORGE MENDEZ, and JOHN DOES 1-5, Defendants. | § § § § § § § | |

# **MEMORANDUM AND ORDER**

Before the Court is a "Notice of Motion and Motion to Modify Counterclaim Filing Deadline; Motion for Leave to File a Counterclaim; Memorandum of Points and Authorities Thereon" [Doc. # 85] ("Motion for Extension" or "Motion") filed by Defendants Mendez Master Training Center, Inc. ("MMTC"), MMTC Texas, Inc. ("MMTC Texas"), Tesla Shen Mendez, and Jorge Mendez (collectively, the "Mendez Defendants"). The Court ordered an expedited response to the Mendez Defendants' Motion. Hearing Minutes & Order [Doc. # 90].[1] Plaintiff Federation

---

1   *See* United States District Court for the Southern District of Texas Local Rule 7.8 ("The Court may in its discretion, on its own motion or upon application, entertain
(continued…)

of State Massage Therapy Boards (the "Federation") originally opposed the Motion. The Court held oral argument.[2] Thereafter, the Federation withdrew its opposition.[3] The Court nevertheless retains discretion to grant or deny the Motion,[4] which now is ripe for decision. Having considered the parties' briefing, counsel's presentations at oral argument, applicable legal authorities, and all pertinent matters of record, the Court concludes that the Motion should be **denied**.[5]

---

(continued…)
and decide any motion, shorten or extend time periods, and request or permit additional authority or supporting material.").

[2] *See* Transcript of November 7, 2018, Discovery Hearing [Doc. # 91] ("November 7 Hearing Transcript"), at 39.

[3] Plaintiff's Response to Defendants' Motion to Modify Counterclaim Filing Deadline; Motion for Leave to File a Counterclaim [Doc. # 93] ("Response").

[4] *See McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010) (per curiam) ("Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)."). *See also id.* ("[A]ny grant of an extension that is filed after the time for a response has expired *may only* be granted upon a finding of excusable neglect." (emphasis added)); *Rashid v. Delta State Univ.*, 306 F.R.D. 530, 533 (N.D. Miss. 2015) ("A private agreement between parties neither relieves a movant seeking an out-of-time extension from demonstrating excusable neglect, nor strips this Court of its duty to find the same.").

[5] While the Mendez Defendants' Answer to Corrected First Amended Complaint [Doc. # 75] ("Answer"), is also untimely, the Court's ruling is limited to the Mendez Defendants' Counterclaims. The Federation has not moved to strike the Mendez Defendants' Answer. And the Fifth Circuit's "policy in favor of resolving cases on their merits and against the use of default judgments" militates against striking the Answer. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999).

2

## I. BACKGROUND

On September 29, 2017, Plaintiff Federation of State Massage Therapy Boards (the "Federation") filed this copyright infringement lawsuit.[6] On November 22, 2017, the Mendez Defendants moved to dismiss for failure to state a claim and for lack of personal jurisdiction.[7] In a Memorandum and Order dated January 24, 2018 [Doc. # 31], the Court denied the Mendez Defendants' motions, ordered the Federation to file an amended complaint, and directed the parties to engage in limited jurisdictional discovery.

On May 21, 2018, the Federation filed a First Amended Complaint [Doc. # 58]. On July 3, 2018, the Mendez Defendants moved to dismiss the new complaint for failure to state a claim.[8] The Federation, with the Mendez Defendants' agreement, filed a Corrected First Amended Complaint [Doc. # 71], essentially adding an exhibit. The Court relied on the corrected pleading in deciding the Second Motion to Dismiss. In a Memorandum and Order dated

---

[6] Original Complaint [Doc. # 1].

[7] MMTCF Texas, Inc. and Tesla Mendez's Motion to Dismiss and Supporting Authorities [Doc. # 13]; Defendants Jorge Mendez and Mendez Master Training Center Inc.'s Motion to Dismiss and Brief in Support [Doc. # 14].

[8] Mendez Master Training Center, Inc., MMTCF Texas, Inc., Tesla Mendez, and Jorge Mendez's Motion to Dismiss the First Amended Complaint and Supporting Authorities [Doc. # 66] ("Second Motion to Dismiss").

3

August 14, 2018 [Doc. # 73] (the "August 14 Order"), the Court denied in substantial part and granted in part the Mendez Defendants' Motion to Dismiss the First Amended Complaint.

On September 10, 2018, the Mendez Defendants' filed their Answer [Doc. # 75][9] and Counterclaims [Doc. # 76].[10] These pleadings were filed 27 days after the Court issued the August 14 Order. In an Order dated November 1, 2018 [Doc. # 84], the Court struck the Mendez Defendants' Counterclaims as untimely under Federal Rules of Civil Procedure 12(a)(4) and 6(b)(1). The Mendez Defendants filed the Motion for Extension on November 2, 2018, citing solely Federal Rule of Civil Procedure 15, requesting an extension of time to file the counterclaims.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(a)(4), "if the court denies [a Rule 12] motion . . . , [a] responsive pleading must be served within 14 days after notice

---

[9] Answer [Doc. # 75].

[10] The Mendez Defendants seek to assert claims for: (1) "Negligence," (2) "Violation of Federal Civil Rights Act, 42 USC Section 1983, for Violation of Equal Protection and Due Process Clauses of the Fourteenth Amendment," and (3) "Unlawful Conspiracy in Restraint of Trade, Violation of Sherman Act Section 1 [15 USC section 1]." *See* Doc. # 76 ("Counterclaims").

of the court's action." To extend this 14-day deadline, a party must satisfy the standard set forth under Rule 6(b)(1).[11]

Under Rule 6(b)(1)(B), the Court may grant a post-deadline motion for an extension if it finds "good cause" *and* only "if the party failed to act because of excusable neglect." *See* FED. R. CIV. P. 6(b)(1)(B).[12] "Even if good cause and

---

[11] *See iFLY Holdings LLC v. Indoor Skydiving Ger. Gmbh*, No. 2:14-cv-01080-JRG-RSP, 2016 WL 3675135, at *1 (E.D. Tex. Mar. 14, 2016) (Payne, M.J.) (applying Rule 6(b)(1) to determine whether to extend Rule 12(a)(4)'s 14-day counterclaim filing deadline). *See also Robin v. City of Frisco*, No. 4:16-CV-00576, 2017 WL 2986315, at *1 (E.D. Tex. July 13, 2017) (Mazzant, J.) (holding that Rule 6(b)(1)(B) "provides the standard that controls the granting of an extension to file a responsive pleading after" Rule 12(a)(4)'s 14-day deadline has expired); *Mattress Giant Corp. v. Motor Advert. & Design Inc.*, No. 3:07-CV-1728-D, 2008 WL 898772, at *1 (N.D. Tex. Mar. 31, 2008) (Fitzwater, C.J.) ("Rule 6(b)(1)(B) ... provides the standard that controls the granting of an extension to file a responsive pleading after the deadline to answer has already expired.").

[12] Federal Rule of Civil Procedure 6(b) provides:

> (b) Extending Time.
>
> > (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> >
> > > (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> > >
> > > (B) on motion made after the time has expired if the party failed to act because of excusable neglect.
> >
> > (2) Exceptions. A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).
>
> FED. R. CIV. P. 6(b).

5

P:\ORDERS\11-2017\2936MExt2.docx  181120.1135

excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 376 F. App'x 442, 443-44 (5th Cir. 2010) (per curiam) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894-98 (1990)).

The determination of whether a party's neglect was "excusable" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).[13] Four factors identified in *Pioneer* guide the excusable neglect inquiry: (1) "the danger of prejudice to the [non-movant]," (2) "the length of the delay and its potential impact on the judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006) (alternation in original) (quoting *Pioneer*, 507 U.S. at 395). Courts "focus[]" on the third *Pioneer* factor, "the reason for the delay." *See Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003). *See also Hosp. del Maestro v.*

---

[13] In *Pioneer*, the Supreme Court construed the bankruptcy counterpart of Rule 6(b)(1)(B). *See* 507 U.S. at 395. Courts draw on *Pioneer* when considering motions for extensions under Rule 6(b)(1)(B). *See, e.g.*, *McCarty*, 376 F. App'x at 443.

*NLRB*, 263 F.3d 173, 175 (1st Cir. 2001) ("The four *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import." (quoting *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000))). The movant has the burden to show "excusable neglect." *Tex. Hous. Agency v. Verex Assur., Inc.*, 176 F.R.D. 534, 536 (N.D. Tex. 1998), *aff'd sub nom. Tex. Dep't Hous. & Cmty. Affairs v. Verex Assur., Inc.*, 158 F.3d 585 (5th Cir. 1998).

## III. DISCUSSION

After considering the four *Pioneer* factors and "all relevant circumstances," *see* 507 U.S. at 395, the Court concludes that the Mendez Defendants have not met their burden to establish their delay in filing the Counterclaims was attributable to "excusable neglect" under Rule 6(b)(1)(B). *See Tex. Hous. Agency*, 176 F.R.D. at 536. Consequently, the Mendez Defendants' Motion to Extend is **denied**.

It first must be noted that Defendants cite only Federal Rule of Civil Procedure 15(a) in support of their motion for additional time. That rule is inapplicable to the present circumstances. Rule 15(a) governs amendments to pleadings already on file. The Mendez Defendants, however, seek instead a post-deadline extension of time to file a pleading in the first instance. As noted, in the Court's November 1 Order, and again in the summary above of the applicable law, evaluation of this request is governed by Rule 6(b)(1)(B), which requires movant to show the deadline was missed as a result of excusable neglect. *See iFLY*

7

*Holdings LLC v. Indoor Skydiving Ger. Gmbh*, No. 2:14-cv-01080-JRG-RSP, 2016 WL 3675135, at *1 (E.D. Tex. Mar. 14, 2016); *Robin v. City of Frisco*, No. 4:16-CV-00576, 2017 WL 2986315, at *1 (E.D. Tex. July 13, 2017); *Mattress Giant Corp. v. Motor Advert. & Design Inc.*, No. 3:07-CV-1728-D, 2008 WL 898772, at *1 (N.D. Tex. Mar. 31, 2008). The Mendez Defendants' Motion fails to address the *Pioneer* factors," and their argument fails to satisfy the Rule 6(b)(1)(B) burden. *See Tex. Hous. Agency*, 176 F.R.D. at 536.

In the interests of justice, the Court evaluates the record under the four *Pioneer* factors. The Court finds that no extension is warranted under this analysis. The Court turns first to the most "critical" factor, the reason for the delay. *See Hosp. del Maestro*, 263 F.3d at 175 (quoting *Lowry*, 211 F.3d at 463). Herman Franck, Esq., new counsel for the Mendez Defendants formally appeared in this case on June 21, 2018,[14] and the Second Motion to Dismiss was filed on July 3, 2018.[15] Counsel's stated reason for delay in filing his clients' Answer and Counterclaims was that he was not "fully enrolled" in the Case Management and Electronic Case Files ("CM/ECF") when the Court issued its August 14 Order

---

[14] Motion & Order for Admission *Pro Hac Vice* [Doc. # 64].

[15] *See* Second Motion to Dismiss [Doc. # 66], at 1, 20; "Statement of Counsel for Defendants Re Need to Manually File Motion to Dismiss First Amended Complaint Papers" [Doc. # 68], filed July 11, 2018.

8

ruling denying on the Mendez Defendants' Second Motion to Dismiss.[16]  Mr. Franck explained at oral argument that he and his firm had submitted the enrollment information prior to August 14, but that their account had not yet been set up by the Southern District of Texas Clerk's Office.  Counsel reported that the firm learned of the August 14 Order on August 27, one day before expiration of the Rule 12(a)(4) 14-day deadline for filing counterclaims.  Counsel acknowledged the firm periodically checked the District's Public Access to Court Electronic Records ("PACER") system for case developments and had access to the PACER system as needed.  Counsel also acknowledged he was aware the Motion to Dismiss was *sub judice*.

The Mendez Defendants' reason for failing to meet the counterclaim deadline simply does not meet the excusable neglect standard.  Counsel did not frequently check the Court's docket despite the knowledge that the Second Motion to Dismiss was pending and that he and his firm were not enrolled in the Court's CM/ECF system.  Difficulties with ECF or complying with local procedures are generally not an acceptable reason for delay.  *Cf. Dimmitt v. Ockenfels*, 407 F.3d 21, 23-24 (1st Cir. 2005) (upholding a denial of an extension when counsel's reason for delay was, among other things, "inexperience with the requirements of

---

[16]  Motion to Extend [Doc # 85], at 9, 11.

9

P:\ORDERS\11-2017\2936MExt2.docx   181120.1135

the District Court," "unfamiliarity with the local rules," and "extreme difficulties with . . . perfecting his ECF participation").

Moreover, Defendants offer no reason why they did not immediately seek an extension of the imminent 14-day deadline for counterclaims, once counsel learned the Court had denied the Second Motion to Dismiss.[17] The "critical" *Pioneer* factor accordingly weighs strongly against granting the Defendants an extension. *See Hosp. del Maestro*, 263 F.3d at 175 (quoting *Lowry*, 211 F.3d at 463).[18]

The other *Pioneer* factors—prejudice to Counter-Defendant Federation, the length of the delay, and counsel's good faith—are mitigating but do not alter the outcome. *See Adams*, 465 F.3d at 161 n.8. First, the Court has no reason to

---

[17] Indeed, an additional two weeks passed before Defendants filed their putative counterclaims and, even then, gave no justification for the delay. *Cf. Wilson v. David*, No. 9:08-CV-618, 2010 WL 610714, at *4 (N.D.N.Y. Feb. 17, 2010) (denying extension when counsel failed to contact the court to request relief when he became aware of his office's "technological problems," but instead "waited until after the deadline passed, filed the papers, and did not make a motion pursuant to" Rule 6(b)(1)(B)). Counsel's explanation for the two-week delay in filing the Counterclaims was that they were busy. *See* November 7 Hearing Transcript [Doc. # 91], at 10. "[A] busy practice does not establish 'excusable neglect.'" *See Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990) (quoting *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981)).

[18] The Mendez Defendants appear to argue that the fact that their Counterclaims are compulsory should alter the Court's analysis. Defendants cite no authority for this proposition. Defendants also do not explain why the proposed counterclaims could not have been asserted earlier in this case or in a separate lawsuit. Accordingly, this argument is unavailing.

10

believe that counsel has not acted in good faith. Second, the Federation's decision not to oppose the deadline extension suggests that the Federation believes it would not be prejudiced by addition of the proposed Counterclaims. A "lack of prejudice," however, is not "sufficient to demonstrate excusable neglect." *See Rashid v. Delta State Univ.*, 306 F.R.D. 530, 534 (N.D. Miss. 2015). "The word 'excusable' would be read out of the rule if inexcusable neglect were transmuted into excusable neglect by a mere absence of harm." *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 469 n.4 (5th Cir. 1998) (quoting *Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 134 (7th Cir. 1996)). It is noted that the proposed Counterclaims were filed only 13 days late. Nevertheless, this case was pending 11 months before an answer was filed or any suggestion of counterclaims was expressed. Courts have denied extensions for even shorter delays when the reason for delay is inadequate. *Cf. Midwest Emp'rs Cas. Co. v. Williams*, 161 F.3d 877, 879-80 (5th Cir. 1998) (upholding a denial of an extension when the counsel's excuse was that he misread a rule, even though the motion was only two days late and the opposing party did not show undue prejudice). *Cf. also Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043, 1047-48 (8th Cir. 2010) (upholding a denial of extension when the motion for extension was nine days late and counsel's excuse was that they were busy).

In light of the entire record and the reason for the failure to meet the 14-day deadline, the Court concludes that the *Pioneer* factors do not support the Mendez Defendants' request to extend the deadline to file counterclaims.[19] The request is denied.

---

[19] The Court also concludes the Mendez Defendants' have failed to show "good cause," which also is required under Rule 6(b)(1). The Court therefore would exercise its discretion to decline an extension of the counterclaims' deadline even if the delay was attributable to excusable neglect. *See McCarty*, 376 F. App'x at 443. The Mendez Defendants' counsel at oral argument committed to rest on the current pleadings. November 7 Hearing Transcript [Doc. # 91], at 31 ("I'm just going to agree that we'll sink or swim on the current version of the pleadings."). Having studied the proposed Counterclaims, the Court concludes that they do not meet Rule 12(b)(6) standards. The proposed counterclaims each lack factual allegations to state a basis for relief "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). First, the proposed negligence counterclaim identifies no duty owed by the Federation to the Defendants, let alone factual allegations showing a breach of an applicable duty. *See Zenith Star Ins. Co. v. Wilkerson*, 150 S.W.3d 525, 530 (Tex. App.—Austin 2004, no pet.) ("To recover on a negligence claim, the plaintiff must prove four elements: (1) that there is a duty owed to him by the defendant, (2) a breach of that duty, (3) that the breach proximately caused the plaintiff injury, and (4) that damages occurred."). Second, the Section 1983 claim identifies no constitutional right possessed by Defendants that was infringed. Also, Defendants do not allege they have third-party standing to assert any constitutional rights of others. *See Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004) (holding that a party may assert the constitutional rights of another where the parties have "a 'close' relationship" and "there is a 'hinderance' to the possessor's ability to protect his own interest" (quoting *Powers v. Ohio*, 499 U.S. 400, 411 (1991))). Finally, regarding the putative antitrust claim, Defendants do not define the relevant market in which the Federation allegedly engaged in an unreasonable restraint of trade, *see Apani Sw., Inc. v. Coca-Cola Enters., Inc.*, 300 F.3d 620, 628 (5th Cir. 2002) (affirming dismissal of antitrust claims for failure to define the relevant market), and thus the antitrust claim is deficient on its face.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion [Doc. # 85] is **DENIED**.

SIGNED at Houston, Texas, this 20th day of **November, 2018.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE