IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FEDERATION OF STATE MASSAGE THERAPY BOARDS, Plaintiff, | § § § § | |
| v. | § § | CIVIL ACTION NO. 4:17-02936 |
| MENDEZ MASTER TRAINING CENTER, INC., *et al.*, Defendants. | § § § § | |

# MEMORANDUM AND ORDER
# ADOPTING MAGISTRATE JUDGE'S
# RECOMMENDATION

On February 8, 2019, the Court referred all motions and other pretrial matters in this case to United States Magistrate Judge Dena Palermo pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). Order of Referral of All Matters [Doc. # 124]. On March 26, 2019, Magistrate Judge Palermo issued a Order and Report and Recommendation on Cross Motions for Partial Summary Judgment ("R&R") [Doc. # 134], recommending that this Court grant Plaintiff Federation of State Massage Therapy Board's ("FSMTB") Motion for Partial Summary Judgment [Doc. # 111], and deny Defendant's Cross-Motion for Summary Judgment [Doc. # 116].

Defendants filed timely Objections to the R&R,[1] to which FSMTB filed a response.[2] Defendants have not filed a reply and their time to do so has expired.[3] The Court has reviewed the R&R, the evidence submitted in connection with the summary judgment motions, and the parties' briefing in connection with the summary judgment motions and with Defendants' Objections. The Court has also reviewed the applicable legal authorities. The Court's review of the R&R is *de novo*. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *Funeral Consumers All., Inc. v. Serv. Corp. Int'l*, 695 F.3d 330, 347 (5th Cir. 2012).[4]

Defendants first argues that a factual dispute exists over whether Defendants' infringement of FSMTB's copyright was intentional. The Court is unpersuaded. As

---

[1] Defendants Mendez Master Training Center, Inc., MMTC Texas, Inc., Tesla Shen Mendez (f/ka Yi Ling "Elaine" Mendez), and Jorge Mendez's Objections to Findings and Recommendations Re Motion for Partial Summary Judgment ("Objections") [Doc. # 135].

[2] Plaintiff's Response to Defendants' Objections to Findings and Recommendations Re Motion for Partial Summary Judgment ("Response") [Doc. # 136].

[3] *See* Hon. Nancy F. Atlas, Court Procedures and Forms, R.7(A)(4).

[4] A court need only conduct *de novo* review of those portions of the magistrate judge's report to which objection is made. *Funeral Consumers All., Inc. v. Serv. Corp. Int'l*, 695 F.3d 330, 347 (5th Cir. 2012). "It is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982), *overruled on other grounds by Douglass v. U.S. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Id.* at 410 n.8.

the Magistrate Judge Palermo correctly observed, copyright infringement is a strict liability tort and willfulness is only relevant to the court's discretionary determination of whether to enhance or reduce damages after liability is established. *See Guzman v. Hacienda Records & Recording Studio, Inc.*, No. 6-12-CV-42, 2014 WL 6982331, at *5 n.9 (S.D. Tex. Dec. 9, 2014) (Costa, J.) ("Courts have observed that 'copyright infringement is a strict liability tort,' but only to indicate that plaintiffs do not need to prove a defendant's mental state to prosecute a copyright claim." (quoting *Educ. Testing Serv. v. Simon*, 95 F. Supp. 2d 1081, 1087 (C.D. Cal. 1999))), *aff'd*, 808 F.3d 1031 (5th Cir. 2015); *Cullum v. Diamond A Hunting, Inc.*, No. SA-07-CV-0076 FB (NN), 2010 WL 3655863, at *3 (W.D. Tex. Sept. 13, 2010) ("[I]ntent or knowledge is not an element of infringement . . . ."), *report and recommendation adopted in part and rejected in part on other grounds*, No. SA-07-CA-76-FB, 2010 WL 5817541 (W.D. Tex. Dec. 22, 2010); *Educ. Testing Serv. v. Miller*, No. CIV. A. 88-2819(RCL), 1991 WL 212181, at *4 (D.D.C. Sept. 30, 1991) (Lamberth, J.) (holding that defendant's "claim that he did not intend to violate [plaintiff's] copyright is no defense to infringement"). Because FSMTB does not move for summary judgment on damages, Defendants' mental state is not relevant at this stage.

Defendants next argue that FSMTB's copyright and breach of contract claims are subject to a viable defense of illegality based on language discrimination.

Defendants also assert that FSMTB engaged in antitrust violations, establishing a viable defense to FSMTB's copyright infringement claims. Defendants did not raise these arguments in their original summary judgment briefing, and the arguments are not properly before the Court. *See McPeak-Torres v. Texas*, No. CV G-12-075, 2015 WL 12748276, at *1 (S.D. Tex. Jan. 22, 2015) (Costa, J.) ("Because Defendants are not entitled to raise arguments for the first time in their objections to the Magistrate Judge's Report and Recommendation that were not asserted in their Motion, these new arguments are not properly before the Court for consideration." (citing *Freeman v. County of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998); *Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994); and *Paterson–Leitch Co., Inc. v. Mass. Mun. Wholesale Elec., Inc.*, 840 F.2d 985, 990-91 (1st Cir. 1988))).

The Court, based on its *de novo* review, agrees fully with Magistrate Judge Palermo's R&R. The R&R will be adopted as this Court's Memorandum and Order. Accordingly, it is hereby

**ORDERED** that Defendants' Objections [Doc. # 135] to the R&R are **OVERRULED**. It is further

**ORDERED** that the Magistrate Judge's Report and Recommendation on Cross Motions for Partial Summary Judgment ("R&R") [Doc. # 134] is **ADOPTED** as the Court's Memorandum and Order. It is further

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment [Doc. # 111] is **GRANTED**. It is further

**ORDERED** that Defendant's Cross-Motion for Summary Judgment [Doc. # 116] is **DENIED**. It is further

**ORDERED** that on or before **May 21, 2019,** the parties must engage in mediation. It is further

**ORDERED** that the parties must file on or before **June 4, 2019,** a Revised Joint Pretrial Order. It is further

**ORDERED** that Docket Call is set for **June 18, 2019, at 2:30 p.m**.

SIGNED at Houston, Texas, this 7th day of **May, 2019.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

P:\ORDERS\11-2017\2936AdoptR&R.docx  190502.0921